IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON COOK, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 21-cv-02458-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Before the Court is defendant State Farm General Insurance Company's ("State Farm") Motion, filed June 3, 2021, "to Dismiss and Strike Complaint." Plaintiffs Jason Cook ("Cook") and Elfe Kuesters ("Kuesters") have filed opposition, to which State Farm has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

Plaintiffs are homeowners, each of whom lives in Boulder Creek, California, and has insured his/her home under a State Farm insurance policy titled "FP-7955 CA." (See Compl. ¶ 18, Exs. 4, 5.) Plaintiffs allege that, in the summer of 2020, "an extreme weather event resulted in hundreds of thousands of lightning strikes," which "started several fires," including the "CZU Lightning Complex" fire ("CZU Fire"). (See Compl. ¶¶ 21-22.) Plaintiffs allege they were ordered to leave their respective homes during the CZU Fire and that, when the evacuation orders were lifted and they returned home, they found "failed refrigerators." (See Compl. ¶ 25.) According to plaintiffs, their respective

---

[1] By order filed July 7, 2021, the Court took the matter under submission.

homes had been without power for a number of days (see Compl. ¶¶ 23-24), and "[t]he loss of power to a refrigerator causes food to rot, leaving an odor that results in the total loss of the refrigerator" (see Compl. ¶ 4).  Plaintiffs further allege they "requested coverage for the lost refrigerators by State Farm," but their claims were "denied." (See id.)  Plaintiffs allege their respective "property loss claims" are "covered" under their policies (see Compl. ¶ 57) and State Farm erred in denying their claims (see Compl. ¶¶ 1, 33).

Based on the above allegations, plaintiffs assert, on their own behalf and on behalf of a putative class, four causes of action under state law, titled, respectively, "Declaratory Relief," "Breach of Contract," "Breach of the Covenant of Good Faith and Fair Dealing," and "Injunctive and Restitutionary Relief Pursuant to UCL."

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

State Farm argues the complaint is subject to dismissal for failure to state any cognizable claim and, in addition, that the proposed class definition should be stricken for failure to allege a cognizable class.

**A. Failure to State a Cognizable Claim**

Each of plaintiffs' causes of action is based on the allegation that State Farm erred in denying plaintiffs' claims for coverage of their refrigerators.  In particular, plaintiffs allege their claimed losses resulted from "an unplanned power outage caused by a wildfire or related windstorm" (see Compl. ¶ 57), and thus, according to plaintiffs, are covered under the following provision in their policies:

> Coverage B – Personal Property
>
> We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in Section 1 – Losses Not Insured:
>
> 1. Fire or lighting.
> 2. Windstorm or hail.

(See Compl. ¶ 19, Ex. 1 at 7, Ex. 2 at 7.)[2]

In moving for an order of dismissal, State Farm argues the complaint lacks facts to support a finding that a "direct physical loss" to plaintiffs' refrigerators occurred.[3]

In MRI Healthcare Center of Glendale, Inc. v. State Farm General Ins. Co., 187 Cal. App. 4th 766 (2010), the California Court of Appeal interpreted the term "direct

---

[2] The "property described in Coverage B" is defined as "personal property owned or used by an insured while it is anywhere in the world" and, in some instances, "personal property owned by others."  (See Compl. Ex. 1 at 3, Ex. 2 at 3.)

[3] State Farm also notes that, although it disputes the "proximate cause of the alleged loss," it is not seeking dismissal on such grounds.  (See Def.'s Mot. at 8:27-28.)

3

physical loss," as used in insurance policies:

> A direct physical loss contemplates an actual change in insured property then in a satisfactory state, occasioned by accident or other fortuitous event directly upon the property causing it to become unsatisfactory for future use or requiring that repairs be made to make it so.  The word 'direct' used in conjunction with the word 'physical' indicates the change in the insured property must occur by the action of the fortuitous event triggering coverage. In this sense, 'direct' means without intervening persons, conditions, or agencies; immediate.  For loss to be covered, there must be a distinct, demonstrable, physical alteration of the property.

See id. at 779 (internal quotations, alteration, and citations omitted).  Relying on MRI Healthcare and the authorities cited therein, the Ninth Circuit recently held "direct physical loss" means a "physical change to the insured property," or, stated otherwise, "physical alteration" of the property, see Mudpie, Inc. v. Travelers Casualty Ins. Co., --- F. 4th --- (9th Cir. 2021), 2021 WL 4486509, at *4-*5, and rejected the argument that "direct physical loss" means "loss of use" unaccompanied by a physical change to or alteration of the insured property, see id. at 5.

Here, plaintiffs allege no facts to suggest any odors emanating from their refrigerators evidenced a physical change to or physical alteration of their refrigerators, or any facts to suggest the odors, by themselves, constituted a physical change to or alteration of the refrigerators.  Although plaintiffs allege their particular refrigerators were "lost" and that they "failed" (see Compl. ¶¶ 4, 25), and that, generally, the odor from rotten food "results in the total loss" of a refrigerator (see Compl. ¶ 4), such conclusory assertions do not suffice to plead a viable claim, see Iqbal, 556 U.S. at 681 (holding "conclusory" allegations are "not entitled to be assumed true" for purposes of motion to dismiss).

Plaintiffs also argue their claims are cognizable in light of State Farm's statements, set forth in letters denying plaintiff Cook's claim for coverage, that his refrigerator was "damaged" (see Compl. Ex. 3 at 106 at 4, Ex. 6 at 5, Ex. 8 at 3), or that his refrigerator had "damage" (see Compl. Ex. 9 at 1, Ex. 10 at 2).[4]  These comments, however, appear

---

[4] Plaintiffs do not allege State Farm made any such statement to plaintiff Kuesters.

4

1    to do no more than state the nature of the claim being denied.  The statements do not
2    identify any physical change to or alteration of Cook's refrigerator and, even if read as
3    acknowledgments of direct physical loss, would not preclude State Farm from relying on
4    plaintiffs' failure to sufficiently plead such a loss; as the California Court of Appeal has
5    noted, "the doctrines of implied waiver and estoppel, based upon the conduct or action of
6    the insurer, are not available to bring within the coverage of a policy risks not covered by
7    its terms."  See Komorsky v. Farmers Ins. Exchange, 33 Cal. App. 5th 960, 972-73
8    (2019) (holding, where insurer, in response to lawsuit, initially acknowledged claimed loss
9    was covered under policy but later argued loss was not covered, plaintiff "not entitled to
10   coverage by estoppel").  Similarly unavailing is plaintiffs' reliance on State Farm's
11   statements to Cook, likewise made during the claims process, that it had "found covered
12   damages on [his] property . . . due to smoke" and would cover various cleaning costs and
13   a treatment to "remediate the smoke odor."  (See Compl. Ex. 4 at 1); Komorsky, 33 Cal.
14   App. 5th at 972.
15         Accordingly, the complaint is subject to dismissal for failure to state a claim.

16   **B.  Motion to Strike Class Action Allegations**

17         As noted, State Farm seeks an order striking the class allegations from the
18   complaint.  As discussed above, however, the complaint is subject to dismissal in its
19   entirety for failure to state a claim.
20         Accordingly, the motion to strike will be denied as moot.

21         **CONCLUSION**
22         For the reasons stated above:
23         1.  To the extent State Farm seeks dismissal of the complaint, the motion is
24   hereby GRANTED, and the complaint is DISMISSED with leave to amend.  Plaintiffs shall
25   file any amended complaint no later than November 5, 2021.
26         2.  To the extent State Farm seeks an order striking the class allegations in the
27   complaint, the motion is hereby DENIED as moot.
28   //

1    3.  In light of the above, the Case Management Conference is hereby
2 CONTINUED from October 29, 2021, to January 28, 2022, at 10:30 a.m.  A Joint Case
3 Management Statement shall be filed no later than January 21, 2022.

**IT IS SO ORDERED.**

Dated: October 18, 2021

                                            MAXINE M. CHESNEY
                                            United States District Judge