IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON COOK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 21-cv-02458-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |

Before the Court is defendant State Farm General Insurance Company's ("State Farm") Motion, filed December 3, 2021, "to Dismiss or Strike Portions of Plaintiffs' First Amended Complaint." Plaintiffs Jason Cook and Elfe Kuesters have filed opposition, to which State Farm has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for January 28, 2022, and rules as follows:

    1. Contrary to State Farm's argument, plaintiffs have sufficiently alleged their refrigerators sustained a "direct physical loss" within the meaning of the subject policies (see FAC Ex. 1 at 7, Ex. 2 at 7), specifically, that "noxious and malodorous gases and liquids . . . physically altered the appliances' polymeric and other components, including the shelves, drawers, panels, and seals, as well as inner linings, foams, and insulations." (see First Amended Complaint ("FAC") ¶ 35; see also FAC ¶¶ 5-7, 32-34), and, consequently, the claims are not subject to dismissal for failure to allege a covered claim.

    2. To the extent State Farm seeks dismissal of the action as a sanction for plaintiffs' having "disposed" of their refrigerators (see FAC ¶¶ 33-34), the request will be

denied as premature at the pleading stage.  See Unigard Security Ins. Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 369 (9th Cir. 1992) (observing "factually specific, case-by-case analysis [is] necessary to determine proper penalty for destruction of evidence"); Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006) (holding "a finding of willfulness, fault, or bad faith is required" before imposing sanction of dismissal for spoliation of evidence; requiring district court to "consider less severe alternatives than outright dismissal") (internal quotations and citations omitted).

3. The First Cause of Action, by which plaintiffs allege a claim for "Declaratory Relief," is, as State Farm argues, wholly duplicative of the Second Cause of Action, by which plaintiffs allege breach of contract, as both claims seek a determination as to whether plaintiffs are entitled to benefits under their insurance policies.  (See FAC ¶¶ 62, 66.)  Consequently, the First Cause of Action is subject to dismissal as duplicative.  See Swartz v. KPMG LLP, 476 F.3d 756, 765–66 (9th Cir. 2007) (holding "[t]o the extent [plaintiff] seeks a declaration of defendants' liability for damages sought for his other causes of action, the claim is merely duplicative and [is] properly dismissed").

4. The Fourth Cause of Action, by which plaintiffs allege a violation of § 17200 of the California Business & Professions Code, is subject to dismissal, as plaintiff do not plead facts to support a finding that they are entitled to the injunctive relief identified in the FAC or to restitution.  See California v. IntelliGender, LLC, 771 F.3d 1169, 1174 (9th Cir. 2014) (holding "private individuals" bringing claims under § 17200 are "limited to injunctive relief and restitution").

a. With regard to injunctive relief, although plaintiffs seek an order prohibiting State Farm from "continuing to deny property loss claims . . . for losses resulting from unplanned power outages caused by a wildfire, lightning, or windstorms" (see Compl. ¶ 81), plaintiffs fail to plead facts to support a finding "that they are realistically threatened by a repetition of the [wrongful conduct]."  See Gest v. Sajo, 443 F.3d 1177, 1181 (9th Cir. 2006) (emphasis, internal quotation, and citation omitted) (setting forth requisite

//

showing for injunctive relief).[1]

b.  With regard to restitution, although plaintiffs seek an award based on "premiums" they paid and/or "amounts . . . withheld" by State Farm (see FAC ¶ 82), those sums are neither monies State Farm obtained "through an unfair business practice" nor monies in which plaintiffs have "an ownership interest."  See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1149 (2003) (setting forth requisite showing for award of restitution); Benn v. Allstate Ins. Co., 2021 WL 5049101, at *6 (E.D. Cal. October 29, 2021) (holding, where insurance claim was denied, plaintiff not entitled to recover as restitution either paid premiums or unpaid benefits; finding "there [is] nothing unlawful about the collection of premiums" and plaintiff lacked ownership interest in unpaid benefits).

## CONCLUSION

For the reasons stated above, State Farm's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1.  To the extent State Farm seeks dismissal of the First and Fourth Causes of Action, the motion is GRANTED.

2.  In all other respects, the motion is DENIED.

Should plaintiffs wish to amend the Fourth Cause of Action for purposes of repleading their claim for injunctive relief, plaintiffs shall file a Second Amended Complaint no later than February 11, 2022.  If plaintiffs do not file a Second Amended Complaint, the instant action will proceed on plaintiffs' Second and Third Causes of Action.

**IT IS SO ORDERED.**

Dated: January 26, 2022

MAXINE M. CHESNEY
United States District Judge

---

[1] In their opposition, plaintiffs argue they are entitled to an injunction requiring State Farm to "reopen and reprocess" their claims.  (See Pls.' Opp. at 20:14-16.)  In the FAC, however, plaintiffs do not allege entitlement to such relief.