United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON COOK, et al.,

Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY,

Defendant.

Case No. 21-cv-02458-MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STRIKE PORTIONS OF SECOND AMENDED COMPLAINT; DENYING PLAINTIFFS' REQUEST FOR FURTHER LEAVE TO AMEND**

Before the Court is defendant State Farm General Insurance Company's ("State Farm") Motion, filed February 22, 2022, "to Dismiss or Strike Portions of Plaintiffs' Second Amended Complaint." Plaintiffs Jason Cook ("Cook") and Elfe Kuesters ("Kuesters") have filed opposition, to which State Farm has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

In the Second Amended Complaint ("SAC"), plaintiffs allege they were "forced to evacuate" their homes as a result of a wildfire (see SAC") ¶ 31), and that the power in their homes was "out continuously" during the period of evacuation (see id.). Plaintiffs further allege that, when they returned to their homes twenty days after such period, food they had left in their refrigerators had decomposed, causing chemical reactions that "physically altered the appliances' polymeric and other components," resulting in a "total loss" of personal property. (See SAC ¶¶ 31-32, 34-35.) Plaintiffs allege they sought

[1] By order filed April 6, 2022, the Court took the matter under submission.

United States District Court
Northern District of California

coverage for the damaged refrigerators under their respective homeowners policies, relying on a provision under which State Farm will cover damage to personal property caused by "fire," and that State Farm denied the claims "for the stated reason that it does not deem fire a predominant cause of unplanned, wildfire-caused power outages." (See SAC ¶ 1; see also SAC ¶¶ 25-26.) Based on said allegations, plaintiffs, on their own behalf and on behalf of a putative class, assert claims arising under state law.

By order filed January 26, 2022 ("January 26 Order"), the Court granted in part State Farm's motion to dismiss the First Amended Complaint ("FAC"). Specifically, the Court (a) dismissed the First Claim for Relief as asserted in the FAC, by which claim plaintiffs sought declaratory relief, (b) dismissed the Fourth Claim for Relief as asserted in the FAC, by which plaintiffs brought sought injunctive relief and restitution under § 17200 of the California Business & Professions Code (the "UCL"), and (c) afforded plaintiffs leave to amend solely as to plaintiffs' claim for injunctive relief. Thereafter, plaintiff filed the Second Amended Complaint ("SAC") and, in so doing, (1) realleged without amendment the claims that had not been dismissed, specifically, the Second and Third Claims for Relief,[2] (2) realleged without amendment the claims that had been dismissed without leave to amend, specifically, their claims for declaratory relief and restitution, and (3) amended their claim for injunctive relief.

**DISCUSSION**

By the instant motion, State Farm argues plaintiffs have failed to allege a viable claim for injunctive relief and, consequently, that such claim should be dismissed without further leave to amend. Additionally, State Farm argues, the claims for declaratory relief and restitution, having previously been dismissed without leave to amend, should again be dismissed or, in the alternative, stricken. The Court considers each such argument in turn.

---

[2] In the Second Claim for Relief, plaintiffs assert a claim for breach of contract, and, in the Third Claim for Relief, plaintiffs assert a claim for breach of the covenant of good faith and fair dealing.

**A. Injunctive Relief**

As plaintiffs acknowledge, they seek, in the Fourth Claim for Relief, two forms of injunctive relief.[3]

**1. Injunctive Relief to Prohibit Future Claim Denials**

Plaintiffs seek, as injunctive relief, an order prohibiting State Farm from "denying claims under [their] Policies for personal property losses resulting from unplanned power outages caused by fire, lightning, or windstorm" and from "continuing" to deny such claims. (See TAC ¶ 81.) In dismissing plaintiffs' claim for injunctive relief, as pleaded in the FAC, the Court found plaintiffs had failed to plead therein facts sufficient to support a finding that they were "realistically threatened by a repetition" of State Farm's alleged wrongful conduct (see January 26 Order at 2:22-3:1), a showing necessary to establish standing for purposes of injunctive relief. See Gest v. Bradbury, 443 F.3d 1177, 1181-82 (9th Cir. 2006) (affirming dismissal of claim for injunctive relief, where plaintiffs failed to show they were "realistically threatened by a repetition of the violation") (internal quotation, emphasis, and citation omitted).

In the SAC, plaintiffs have added an allegation that California "will continue to have major wildfires resulting in unplanned power outages in 2022 and each subsequent year due to increasing temperatures." (See SAC ¶ 2.) Such allegation, however, does not suffice to support a finding that Cook and Kuesters are "realistically threatened" with a repetition of the same asserted wrongful conduct by State Farm. See Gest, 443 F.3d at 1181-82. In particular, as State Farm points out, in order for plaintiffs to be subjected to the same allegedly wrongful conduct, a lengthy chain of events would have to occur. (See Def.'s Mot. at 8:10-9:4); Nelsen v. King County, 895 F.2d 1248, 1252 (9th Cir. 1990) (holding courts "cannot find standing" for injunctive relief where "threat of future harm" is

---

[3] Although, as plaintiffs point out, the SAC also includes a request that the Court issue "any other injunctive relief that [p]laintiffs may more precisely specify at an appropriate later stage of the litigation" (see SAC ¶ 81), plaintiffs have not identified, even generally, what other injunctive relief they might, at such later stage, seek to obtain.

"based upon an extended chain of speculative contingencies, all of which would have to be fulfilled in order to have the threat of [a repetition of the wrongful conduct] become manifest").

**2. Injunctive Relief to Require State Farm to Determine Amount Owed**

Plaintiffs also seek injunctive relief to prohibit State Farm from "refusing to open [p]laintiffs' . . . claims . . . for the purpose of fairly and lawfully determining the payment amount to which each [p]laintiff . . . is entitled." (See SAC ¶ 81.)

Although a plaintiff may seek injunctive relief and restitution under the UCL, see Cal. Bus. & Prof. Code § 17203, "damages" are "not available" thereunder, see Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1148 (2003). In accordance therewith, courts have found requests for an "injunction" or "restitution" by which an insured seeks payment of benefits is, in effect, a claim for monetary damages, and, consequently, not cognizable under the UCL. See Vepo Design Corp. v. American Economy Ins. Co., 2020 WL 7382310, at *8 (C.D. Cal. October 16, 2020) (holding claim seeking injunction precluding insurer from "wrongfully withholding benefits owed" not cognizable under UCL; noting such "request for an injunction amounts to a request for monetary damages"); Sheahan v. State Farm General Ins. Co., 394 F. Supp. 3d 997, 1006 (N.D. Cal. 2019) (holding claim seeking injunction requiring insurer to pay claim "without respect to the policy limits" not cognizable under UCL; finding such claim "amounts to a request for monetary damages"); Benn v. Allstate Ins. Co., 2021 WL 5049101, at *6 (C.D. Cal. October 29, 2021) (holding claim for "restitution" of "policy benefits" not cognizable under UCL; "noting "[w]hat [plaintiff] is really seeking" is "monetary damages").

Here, plaintiffs' theory is that the damage to their refrigerators, is "covered" under their policies (see SAC ¶ 26), and, consequently, State Farm has "deprive[d]" them of "contractual benefits to which they are entitled" (see SAC ¶ 47). Consistent with said theory, plaintiffs, as noted, seek an injunction requiring State Farm to "determin[e] the payment amount to which each [p]laintiff . . . is entitled." (See SAC ¶ 81.) As the

United States District Court
Northern District of California

requested injunction seeks an order directing State Farm to pay benefits, the claim is one seeking damages, and, consequently, is not cognizable under UCL.[4]

**3. Conclusion as to Claim for Injunctive Relief**

As set forth above, the injunctive relief sought in the SAC is not cognizable under the UCL. Accordingly, the Fourth Claim for Relief, to the extent plaintiffs request therein injunctive relief, is subject to dismissal.

**B. Realleged Claims Dismissed Without Leave to Amend**

As noted, in granting in part State Farm's motion to dismiss the FAC, the Court dismissed without leave to amend the First Claim for Relief, as well as the request for restitution included in the Fourth Claim for Relief. As further noted, plaintiffs realleged those claims in the SAC. By way of explanation, plaintiffs state:

> Plaintiffs reallege their claims for declaratory relief and for restitution under the UCL, which were dismissed by the Court in its Order Granting in Part and Denying in Party Defendant's Motion to Dismiss; Vacating Hearing (Jan. 26, 2022) (Dkt. No. 52), to preserve those claims for appeal. See Miletak v. Allstate Ins. Co., 2007 WL 7061350, at *4 (N.D. Cal. July 18, 2007).

(See SAC at 2:18-20.)

In Miletak, the case cited by plaintiffs, the district court found that, under then-existing Ninth Circuit authority, "a plaintiff must reallege even dismissed causes of action in order to preserve them on appeal," and, consequently, the plaintiff therein was allowed to replead claims that earlier had been dismissed without leave to amend. See Miletak, 2007 WL 7061350 at *4. As State Farm correctly notes, however, the Ninth Circuit

[4] Although plaintiffs rely on cases in which courts either issued an injunction requiring a defendant to reopen a denied claim, or allowed a plaintiff to proceed with such claim, those cases are distinguishable, as the injunctions discussed therein required the defendant to review a claim and decide if the claim should be granted, and did not require, as plaintiffs seek here, payment of the claim. See, e.g., Bowen v. City of New York, 476 U.S. 467, 476, 483 (1986) (affirming decision requiring Social Security Administration to "reopen" plaintiffs' cases in which benefits were denied and "to redetermine eligibility," where denials were based on use of improper procedure; noting plaintiffs "neither sought nor were awarded benefits in the District Court"); Vind v. Prudential Ins. Co., 2008 WL 11337424, at *10 (C.D. Cal. April 2, 2008) (denying motion to dismiss plaintiff's claim for injunction requiring defendant to "investigate and make a determination" as to plaintiff's claim; noting plaintiff "[did] not seek to recover benefits").

United States District Court
Northern District of California

thereafter, sitting en banc, overruled its prior precedents requiring the repleading of dismissed claims, and, instead held that, "[f]or claims dismissed with prejudice and without leave, [it] w[ould] not require that they be repled in a subsequent amended complaint to preserve them for appeal." See Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).

Although, as plaintiffs point out, the Ninth Circuit has not, to date, prohibited a plaintiff from repleading claims that have been dismissed without leave to amend, "the majority of cases addressing this issue" have found claims dismissed without leave to amend may not be realleged, reasoning that "the inclusion of claims already dismissed with prejudice . . . has the potential to confuse the scope of discovery and any dispositive motions." See Benamar v. Air France-KLM, 2015 WL 4606751 at *3 (C.D. Cal. July 31, 2015) (citing cases). This Court, consistent with the reasoning in those cases, finds the inclusion of dismissed claims is not warranted.

Accordingly, the First Claim for Relief (see SAC ¶¶ 59-62) and the Fourth Claim for Relief, to the extent plaintiffs request therein restitution (see SAC ¶ 82), will be stricken from the SAC, and State Farm, in answering the SAC, need not respond to those paragraphs.

Lastly, to the extent plaintiffs request leave to further amend for purposes of "preserv[ing] the factual allegations within the repled declaratory relief claim . . . that are relevant to, and expressly incorporated by reference into, [p]laintiffs still-live contract [and] implied covenant" claims (see Pls.' Opp. at 14:5-8), the request will be denied as unnecessary. Specifically, the factual allegations to which plaintiffs refer, which are located in ¶¶ 61 and 62, are also included in the "Introduction" and "Factual Allegations" sections of the SAC (compare SAC ¶¶ 1, 12, 26, 47, with ¶¶ 61-62), which allegations are incorporated by reference in the contract and implied covenant claims (see SAC ¶¶ 63, 68; see also SAC ¶ 71).

//

//

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, State Farm's motion to dismiss or strike portions of the SAC is hereby GRANTED, as follows:

1. Plaintiffs' claim for injunctive relief, included in the Fourth Claim for Relief, is hereby DISMISSED without further leave to amend.

2. Plaintiffs' First Claim for Relief and the Fourth Claim for Relief, to the extent plaintiffs seek restitution, are hereby STRICKEN.

3. Plaintiffs' request for further leave to amend is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 26, 2022

MAXINE M. CHESNEY
United States District Judge