IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON COOK, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 21-cv-02458-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR FOR LEAVE TO AMEND** |

　　　　By order filed April 26, 2022, the Court granted defendant State Farm General Insurance Company's ("State Farm") "Motion to Dismiss or Strike Portions of Plaintiffs' Second Amended Complaint."  In so ruling, the Court found a proposed injunction requiring State Farm to "determin[e] the payment amount to which each [p]laintiff and Class Member is entitled under the Policy" (see SAC ¶ 81) would require State Farm to pay policy benefits, i.e., "the payment amount," and, consequently, could not be sought under § 17200 of the Business & Professions Code.  (See Order, filed April 26, 2022, at 4:2-5:2, 5:22-28.)

　　　　Now before the Court is plaintiffs' "Motion for Leave to File Motion for Reconsideration, or in the Alternative for Leave to Amend," filed May 10, 2022.  Having read and considered the motion, the Court rules as follows.

　　　　Under the Local Rules of this District, a party seeking reconsideration of an interlocutory order must show (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material

1   facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure
2   by the Court to consider material facts or dispositive legal arguments which were
3   presented to the Court before such interlocutory order."  <u>See</u> Civil L. R. 7-9(b).
4         Here, plaintiffs assert the Court manifestly failed to consider their argument that
5   their proposed injunction was not a request for payment of policy benefits.  The Court,
6   however, did consider plaintiffs' argument.  In particular, the Court found plaintiffs'
7   argument unpersuasive, given plaintiffs' express allegation that they, as well as all
8   putative class members, are "entitled" to benefits (<u>see</u> Second Amended Complaint
9   ("SAC") ¶ 47 (alleging "State Farm's wrongful denials . . . deprive[d] [p]laintiffs and Class
10  Members of contractual benefits to which they are entitled")), and, as the Court also
11  noted, the requested relief was for an order requiring State Farm to "<u>determin[e] the
12  payment amount</u> to which each [p]laintiff and Class Member is entitled under the Policy"
13  (<u>see</u> SAC ¶ 81 (emphasis added)).
14        Although, in opposing the motion to dismiss, plaintiffs cited to cases in which either
15  an injunction requiring the reopening of a denied claim for benefits was issued or a claim
16  for such relief was allowed to proceed, in those cases, as the Court explained, the
17  plaintiffs therein, unlike the plaintiffs here, did not allege they were entitled to recover
18  benefits.  <u>See</u>, e.g., <u>Bowen v. City of New York</u>, 476 U.S. 467, 476, 483 (1986) (affirming
19  injunction requiring Social Security Administration to "reopen the decisions . . . and to
20  redetermine eligibility" using proper procedure; characterizing plaintiffs' claim for
21  injunctive relief as "collateral to the claims for benefits that class members had presented
22  administratively" and noting plaintiffs did not seek award of benefits in district court); <u>Vind
23  v. Prudential Ins. Co.</u>, 2008 WL 11337424, at *10 (C.D. Cal. April 2, 2008) (allowing claim
24  for injunctive relief to proceed where plaintiff sought "to compel [ERISA plan
25  administrator] to investigate and make a determination"; noting plaintiff did "not seek to
26  recover benefits due to her under the [p]lan" and that proposed injunction was "directed
27  at the integrity of the claims process itself," a "right separate from the benefits decision").
28        Accordingly, to the extent plaintiffs seek leave to file a motion for reconsideration,

the motion is hereby DENIED.

To the extent plaintiffs, in the alternative, move to amend for purposes of asserting a claim for injunctive relief that, according to plaintiffs, would not require payment of any policy benefits, the motion is hereby DENIED without prejudice, as plaintiffs have not submitted a proposed amended complaint or even set forth the language of any proposed new claim.  See Civil L.R. 10-1 (providing party "moving to file an amended pleading" must submit "proposed pleading").

**IT IS SO ORDERED.**

Dated: June 2, 2022

MAXINE M. CHESNEY
United States District Judge