IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| JASON COOK, et al., | Case No. 21-cv-02458-MMC |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| STATE FARM GENERAL INSURANCE COMPANY, | |
| Defendant. | |

Before the Court is plaintiffs Jason Cook ("Cook") and Elfe Kuesters' ("Kuesters") Motion, filed August 19, 2022, for Leave to Amend Complaint, whereby plaintiffs seek leave to file a Third Amended Complaint ("TAC"). Defendant State Farm General Insurance Company ("State Farm") has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In the operative complaint, the Second Amended Complaint ("SAC"), plaintiffs allege they submitted to State Farm, their insurance carrier, claims for the value of refrigerators plaintiffs stated were damaged as a result of "unplanned regional power outages" that occurred during a wildfire. (See SAC ¶¶ 14, 28-34, 38-39.) Plaintiffs allege that, although they have "coverage for personal property losses caused by 'fire,'" State Farm denied their claims on the ground that State Farm, in plaintiffs' words, "does not deem fire a predominant cause of unplanned, wildfire-caused power outages," a position that, according to plaintiffs, is "unreasonable, in bad faith, and directly conflicts with

---

[1] By order filed October 12, 2022, the Court took the matter under submission.

decades of well-settled California law." (See SAC ¶ 1.) Based on said allegations, plaintiffs assert in the SAC, on their own behalf and on behalf of a putative class, causes of action for (1) breach of contract, whereby they seek "the full amount of the covered damage, plus consequential damages flowing from the breach, including interest and incurring litigation costs" (see SAC ¶ 67), and (2) breach of the covenant of good faith and fair dealing, whereby, in addition to seeking the types of damages sought by their claim for breach of contract, plaintiffs seek an award of "punitive and exemplary damages" (see SAC ¶¶ 74-75).

By the instant motion, plaintiffs seek leave to file a TAC that includes a cause of action for injunctive relief under the UCL, whereby plaintiffs seek to "prohibit [State Farm] from refusing to reopen [p]laintiffs' and Class Members' wrongfully denied claims . . . for the purpose of conducting full and proper investigations of the claims to determine if [p]laintiffs and Class Members are entitled to benefits under the Policies in connection with their respective claims and, if so, in what amount," as well as an injunction to "requir[e] State Farm to reopen [p]laintiffs' and Class Members' wrongfully denied claims . . . for the purpose of conducting full and proper investigations of the claims to determine if [p]laintiffs and Class Members are entitled to benefits under the Policies in connection with their respective claims and, if so, in what amount." (See Proposed TAC ¶ 77 (Kirtley Decl. Ex. A).)

"[F]our factors are commonly used" in determining whether leave to amend is appropriate, specifically, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Here, State Farm argues, the proposed TAC would be futile and, consequently, leave to amend should be denied. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir.1998) (holding that, "[a]lthough there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal") (internal citation omitted). As set forth below, the Court agrees.

By order filed April 26, 2022, the Court dismissed from the SAC two causes of action, one of which, titled "Violations of the UCL, Cal. Bus. & Prof. Code § 17200 et seq," sought injunctive relief to "prohibit [State Farm] from refusing to reopen [p]laintiffs' and Class Members' wrongfully denied claims . . . for the purpose of fairly and lawfully determining the payment amount to which each [p]laintiff and Class Member is entitled under the Policy." (See SAC ¶ 81.) As explained in the Court's April 26 Order, the above-quoted request for injunctive relief constituted a claim for monetary damages, a form of relief not cognizable under the UCL. Plaintiffs argue the requests for injunctive relief in the proposed TAC do not seek damages, and, consequently, are not futile.

As State Farm observes, however, the proposed TAC includes a number of allegations that plaintiffs and the putative class members are entitled to damages as a result of State Farm's denial of their respective requests for insurance benefits (see, e.g., Proposed TAC ¶¶ 14, 26, 46-48, 55.c), which allegations are incorporated by reference in the proposed UCL cause of action (see Proposed TAC ¶ 72). As State Farm also points out, the cases cited by plaintiffs, in which courts have allowed a plaintiff to proceed with a claim for an injunction requiring an insurer or government agency to reopen and reconsider a claim for benefits, are readily distinguishable.

In particular, in those cases, the allegedly wrongful conduct by the decisionmaker was independent of the merits of the claim for benefits and the plaintiffs therein did not allege they were entitled to benefits. See, e.g., Bowen v. City of New York, 476 U.S. 467, 476, 483 (1986) (affirming injunction requiring Social Security Administration to "reopen" claim and "redetermine eligibility" using proper procedure; characterizing plaintiffs' claim for injunctive relief as "collateral to the claims for benefits that class members had presented administratively" and noting plaintiffs did not seek award of benefits in district court); Vind v. Prudential Ins. Co., 2008 WL 11337424, at *10 (C.D. Cal. April 2, 2008) (allowing plaintiff to proceed with claim to "compel [ERISA plan administrator] to investigate and make a determination"; noting plaintiff did "not seek to recover benefits due to her under the [p]lan" and proposed injunction was "directed at the integrity of the

3

claims process itself," a "right separate from the benefits decision").  Here, by contrast, the relief plaintiffs seek is the resolution of a merits issue, namely, whether the losses they claim are covered by their respective policies and, if so, their entitlement to monetary benefits thereunder.

Although, as plaintiffs point out, there are other defenses to coverage that ultimately may need to be addressed, see Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 31-35 (1995) (holding insurer, in response to breach of contract claim, may rely on coverage defenses it did not assert during claims process, unless insured establishes insurer waived such defense or grounds exists to estop insured from relying on defense), the fact remains that the reason for denial challenged by plaintiffs' proposed injunction is not procedural in nature but, rather, one step in the above-described merits analysis.  Consequently, plaintiffs' proposed claim is not a claim cognizable under § 17200.

Lastly, even if plaintiffs' proposed claim were cognizable under § 17200, it would fail for the reason that the Court, "to entertain a request for equitable relief, . . . must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy."  See Guzman v. Polaris Industries, Inc., 49 F.4th 1308, 1313 (9th Cir. 2022); see also id. at 1312 (holding "where plaintiffs ha[ve] an adequate legal remedy under [state law]," they cannot "also maintain equitable claims under [state law] in federal court").  Here, plaintiffs have an adequate legal remedy, specifically, an award of damages available under their contract claims, see Benn v. Allstate Ins. Co., 569 F. Supp. 3d 1029, 1032-35 (E.D. Cal. 2021) (dismissing § 17200 claim asserted against insurer; finding insured had adequate remedy at law to address any wrongful denial of benefits, namely, claim for breach of contract).

In sum, for all of the above reasons, the filing of plaintiffs' proposed TAC would be futile.

//

//

//

Accordingly, plaintiffs' motion to amend is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 9, 2022

MAXINE M. CHESNEY
United States District Judge